THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:12-cr-00105-MR-WCM-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>O R D E R</u> |
| | ) | |
| **SENITA BIRT DILL,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Requesting the Court Reduce the Sentence of Senita Dill for Extraordinary and Compelling Reasons in Light of the First Step Act." [Doc. 75]. Also pending before the Court is the Government's Motion to Seal Exhibit. [Doc. 78]. The Government opposes the Defendant's motion for a reduction of her sentence. [Doc. 77].

**I.    BACKGROUND**

In April 2014, the Defendant Senita Birt Dill was sentenced to a term of 324 months' imprisonment for her role in a massive scheme to defraud the United States by stealing, buying or otherwise acquiring the identities of dozens of people and filing over one thousand fraudulent tax returns in their

names. [Docs. 31, 41]. The Defendant is currently serving this sentence at FCI Coleman Low, and her projected release date is May 6, 2035.[1]

The Defendant now seeks a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the ongoing coronavirus pandemic. [Doc. 75].

## II. DISCUSSION

### A. Defendant's Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of her sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted her administrative remedies as required by statute. [Doc. 77 at 2]. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

---

[1] See https://www.bop.gov/inmateloc/ (last visited Oct. 19, 2020).

2

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);"

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. Sept. 9, 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

3

and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

Here, the Defendant is a 53-year-old woman with a variety of health conditions, including "Chronic Asthma, Chronic Migranes [sic], Vitamin D deficiency, Gastroenditis [sic], Gastro Pareses [sic], Hormonal Replacement, Chronic Back Pain, Sciatic Nerve Problems in her legs, Sinus pain and allergies." [Doc. 75 at 3]. She also asserts that she had Legionella earlier this year. [Id.]. Her BOP medical records document some, but not all, of these claimed conditions. [See Doc. 77-1: BOP Medical Records]. These records indicate that the Defendant does suffer from migraines and sciatica, which are being treated with medication and stretching exercises. [Id. at 5, 23, 34-36]. The records also indicate that the Defendant has "asthma, unspecified," for which she was prescribed an inhaler to use as needed. [See Doc. 77-1 at 23, 75]. They further indicate that she had a Vitamin D deficiency in 2019, but that was resolved with a vitamin supplement. [Id. at 37-38]. The records also indicate that she had gastroenteritis and gastroparesis, but that these conditions were resolved without any apparent long-term effects. [Id. at 65-66]. In short, the medical records provided by the Government demonstrate that the Defendant is receiving appropriate

4

medical treatment at Coleman, that none of these conditions is terminal, and that she is adequately able to provide self-care. As such, none of these conditions—either individually or collectively—qualify as an extraordinary or compelling reason to modify her sentence.

Notably, the Defendant tested positive for the coronavirus in July 2020 and complained of body aches and a headache. [Doc. 77-1 at 7, 10, 16, 18, 20]. In early August, she was released from a ten-day quarantine after demonstrating no symptoms. [Id. at 7]. The Defendant's medical records lack any indication that further medical interventions were required or that she demonstrated any severe symptoms. [See id.]. It appears that she had a mild case and that none of her cited medical concerns exacerbated her illness.

Finally, the mere fact that the Defendant faces a potential risk of re-contracting COVID-19 is not sufficient to justify her release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the

5

virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[3] This is especially true where, as here, the Defendant has already contracted—and beaten—the virus.[4]  For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for her release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to public safety if released.  Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

---

[3] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[4] While it is unclear how long COVID-19 immunity might last following infection, it is reasonable to assume that the Defendant is not at risk of infection for some time. See CDC, COVID-19/Frequently Asked Questions, https://www.cdc.gov/coronavirus/2019-ncov/faq.html (last accessed Oct. 19, 2020).

6

Here, the Defendant's current sentence is sufficient but not greater than necessary given the nature of her criminal conduct. Over the course of the three years, the Defendant and her co-conspirators fraudulently obtained personal identification information from dozens of people and used that information to file over 1,000 false tax returns. [Doc. 31: PSR at 4-5]. Some of these victims were patients at mental health hospitals, disabled persons, veterans, children, prison inmates, college students, and deceased persons. [Id. at 5]. The Defendant used these stolen identities to make claims for tax refunds in excess of $5 million, and actually received just short of $4 million from taxpayers. [Id.]. Additionally, the Defendant had multiple prior state and federal convictions for fraud and was under federal court supervision at the time that she committed the present offense. [Id. at 13-16]. Based on the nature of the offense conduct and the Defendant's significant criminal history, the Court finds that the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes all militate against a reduced sentence in this case.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of her continued incarceration. Accordingly, the Defendant's motion for a sentence reduction is denied.

**B.    Government's Motion to Seal**

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 77-1] filed in support of its Response to the Defendant's Motion for Compassionate Release. For grounds, counsel states that the medical records contain highly personal and confidential material concerning the Defendant's medical conditions. [Doc. 78].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on October 13, 2020, and such motion has been accessible to the public

through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See <u>United States v. Harris</u>, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Requesting the Court Reduce the Sentence of Senita Dill for Extraordinary and Compelling Reasons in light of the First Step Act" [Doc. 75] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Exhibit [Doc. 78] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 77-1] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: October 23, 2020

Martin Reidinger
Chief United States District Judge

9